## 21176

Shelia B. LEVY, Respondent, v. Fredric R. LEVY, Appellant.

(264 S. E. (2d) 834)

*William S. Derrick,* of *Derrick & Pogue,* Marion, *for appellant.*

*Steve Wukela, Jr.,* Florence, *for respondent.*

March 26, 1980.

*Per Curiam:*

Respondent instituted this action seeking to have appellant held in contempt for failing to comply with the terms of the parties' July 12, 1976 divorce decree as it concerned the sale of the parties' former marital residence and distribution of the proceeds from that sale. Specifically, respondent contended that appellant had failed to pay her the full amount which she was due from the proceeds of that sale. Following a full hearing, the lower court awarded respondent the sum of $9,955.01, plus attorney's fees. This appeal followed.

. The July 12, 1976 divorce decree provided that the parties' marital residence was to be sold with each party receiving one-half of the equity. That decree also provided for certain other debts to be deducted from each party's share prior to distribution of the net proceeds. The lower court found that respondent's share before adjustment for the specified deductions was $17,906.86. The lower court went on to reduce respondent's share by $4,241.51 which appellant had paid on respondent's automobile and $1,319.85 representing respondent's share of mortgage payments made by appellant between the date of the divorce decree and the sale of the former marital residence. These deductions were either expressly provided for in the divorce decree or otherwise agreed to by the parties.

Appellant disputes the lower court's treatment of two checks which respondent previously received as part payment of the purchase price for the parties' former marital residence. One check was for $1,951.36, the other was for $2,829.62. For reasons not apparent in the record before this court, the lower court determined that respondent's share should be reduced by one-half of the value of the two checks, or $2,390.49 ($1,951.36 + $2,829.62 = $4,780.98/2 = $2,390.49). The net effect of this procedure would require respondent to pay appellant one-half of the funds previously paid to her. This would be entirely correct as to the $1,951.36 which was not otherwise accounted for prior to that point. However, the funds represented by the $2,829.62 check were included by the lower court in determining that respondent's share before adjustment was $17,906.86. Thus, when respondent physically received the check for $2,829.62, then received one-half credit for that amount again in the lower court's accounting, she in effect received one and one-half times the amount of the check. When the lower court only reduced the amount remaining due to respondent from appellant by one-half the value of the check, the net effect was to leave the full amount with respondent.

The deductions from respondent's share should include the $4,241.65 which appellant paid on respondent's automobile; the $1,319.85 representing respondent's share of mortgage payments previously made by appellant; $975.68 representing one-half of the $1,951.36 check previously received by respondent but not yet taken into consideration; and $2,829.62 representing the full amount of the check previously received by respondent but also included in determining the equity to be divided. Thus, the total deductions from respondent's share would be $9,366.66 ($4,241.51 + $1,319.85 + $975.68 + $2,829.62 = $9,366.66). As such, the lower court should have determined that the amount due respondent from appellant was $8,540.20 ($17,906.86 — $9,366.66 = $8,540.20) rather than $9,955.01. Any determination to the contrary would be violative of the express terms of the unappealed July 12, 1976 divorce decree awarding each party one-half of the equity from the sale of the former marital residence.

We have considered the remaining questions raised by appellant and conclude that no error of law was committed and that they are without precedential value. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

As modified herein, the order of the lower court is affirmed.